*United States v. Aiello (Gelardo)*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of February, two thousand twenty-six.

PRESENT:
> RICHARD J. SULLIVAN,
> MYRNA PÉREZ,
> > *Circuit Judges.*
> P. KEVIN CASTEL,
> > *District Judge.*\*

_____

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                 No. 25-3081

_____

\* Judge P. Kevin Castel, of the United States District Court for the Southern District of New York, sitting by designation.

ERNEST AIELLO, NELSON ALVAREZ, AKA SPANISH G, LOUIS APICELLA, AKA LOU AP, AMMAR AWAWDEH, AKA FLAPPER POKER, AKA FLAPPY, SAUL BECHER, CHAUNCEY BILLUPS, MATTHEW DADDINO, AKA MATTY, AKA THE WRESTLER, ERIC ERNEST, AKA SPOOK, LEE FAMA, JOHN GALLO, MARCO GARZON, JAMIE GILET, TONY GOODSON, AKA BLACK TONY, KENNY HAN, SHANE HENNEN, AKA SUGAR, OSMAN HOTI, AKA ALBANIAN BRUCE, AKA BIG BRUCE, HORATIO HU, AKA H., ZHEN HU, AKA JONATHAN CHAN, AKA JONATHAN HU, AKA SCRULI, AKA STANLEY, DAMON JONES, AKA DEE JONES, JOSEPH LANNI, JOHN MAZZOLA, AKA JOHN SOUTH, CURTIS MEEKS, AKA CURT, NICHOLAS MINUCCI, MICHAEL RENZULLI, ANGELO RUGGIERO, JR., ANTHONY SHNAYDERMAN, AKA DOC, ROBERT STROUD, AKA BLACK ROB, SETH TRUSTMAN, SOPHIA WEI, AKA POOKIE, JULIUS ZILIANI, AKA JAY,

*Defendants*,

THOMAS GELARDO, a.k.a. JUICE,

*Defendant-Appellant*.

———————————————————————

| | |
|---|---|
| **For Defendant-Appellant:** | ESERE J. ONAODOWAN, The Law Offices of Onaodowan & Delince, PLLC, New York, NY. |
| **For Appellee:** | IRISA CHEN (Susan Corkery, Michael W. Gibaldi, Sean M. Sherman, *on the brief*), *for* Joseph Nocella, Jr., United States Attorney for the Eastern District of New York, Brooklyn, NY. |

Appeal from an order of the United States District Court for the Eastern District of New York (Ramón E. Reyes, Jr., *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the November 19, 2025 order of the district court is **AFFIRMED**.

Thomas Gelardo appeals from an order of the district court denying his motion for pretrial release under the Bail Reform Act ("BRA"). *See* 18 U.S.C. § 3142(e). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

"In reviewing a detention challenge, we examine the district court's factual determinations for clear error." *United States v. Abuhamra*, 389 F.3d 309, 317 (2d Cir. 2004). We accordingly will not reverse unless we are "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (internal quotation marks omitted). This deferential standard of review "applies not only to the court's specific predicate factual findings but also to its overall assessment" of whether a defendant poses a risk of flight or danger. *Abuhamra*, 389 F.3d at 317.

The BRA authorizes the pretrial detention of a defendant if the district court finds "by clear and convincing evidence that [he] presents a danger to the

community," and "by the lesser standard of a preponderance of the evidence that [he] presents a risk of flight." *United States v. English*, 629 F.3d 311, 319 (2d Cir. 2011) (internal quotation marks omitted); *see* 18 U.S.C. § 3142(e)(1) (requiring detention if "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community"). When weighing the risks of danger and flight, courts consider, as relevant here, (1) "the nature and circumstances of the offense charged, including whether the offense is a crime of violence"; (2) "the weight of the evidence against the person"; (3) "the history and characteristics of the person"; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

Here, the district court carefully weighed all of these factors. It considered that (1) Gelardo was "charged with a crime of violence," namely Hobbs Act extortion conspiracy; (2) the government had a "strong" case against him; (3) his "history" included multiple prior convictions for violent crimes; and (4) the "items that were seized at [his] house" included brass knuckles, knives, a machete, ballistics vests, air pistols equipped to shoot rubber bullets, and an extendible baton resembling the weapon that Gelardo allegedly used in one of the charged

4

assaults. Ex. C at 23. It then concluded that all these factors weighed in favor of detention and that there were no "conditions or combinations of conditions that c[ould] satisfy or protect against [the] risk of flight [and] the danger to the community." *Id.*

The record amply supported this conclusion. Given Gelardo's prior convictions, his ties to the Bonanno crime family, the weapons found at his home, the fact that he failed to inform Pretrial Services of the source of hundreds of thousands of dollars of cash and a Lamborghini in his possession, and the weighty evidence (including incriminating text messages) that the government had amassed against him, we cannot say that the district court committed error – let alone clear error – when it detained Gelardo. *See Abuhamra*, 389 F.3d at 317 (explaining that, under the clear-error standard, "[w]e defer to the district court on such matters because of its unique insights into the defendant as an individual and into his personal, professional, and financial circumstances"); *English*, 629 F.3d at 319 ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985))).

Gelardo finally contends that the "the district court failed to perform a *de novo* review of the magistrate judge's bond determination" because the district court approved of the magistrate judge's analysis and "mirrored [her] conclusion." Gelardo Br. at 11–13. But the district court expressly noted that it was *not* simply relying on the magistrate judge's reasoning and was instead conducting "a *de novo* review." Ex. C at 17. And the fact that a higher court reiterates, agrees with, or even incorporates a lower court's analysis does not constitute a dereliction of the court's duty to independently analyze the case before it.

\* \* \*

We have considered Gelardo's remaining arguments and find them to be without merit. For these reasons, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court